**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JACK POSTER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:88-cr-00103-GMN-1 <br><br> **ORDER** |

Pending before the Court is the Motion for Reduction of Sentence by a Person not in Federal Custody from One Count Felony Filing False Tax Return to One Count Misdemeanor Filing a False Tax Return, (ECF No. 165), filed by Defendant Jack Poster ("Defendant"). The Government filed a Response, (ECF No. 169), to which Defendant filed a Reply, (ECF No. 170).

Also pending before the Court is the Motion for Waiver of Fees, (ECF No. 164), filed by Defendant, to which the Government did not respond.

Further pending before the Court is the Motion for Hearing Regarding the Motion for Reduction of Sentence, (ECF No. 166), to which the Government did not respond.

For the reasons discussed below, Defendant's Motion for Reduction of Sentence and Motion for Hearing are **DENIED,** and Defendant's Motion for Waiver of Fees is **DENIED as moot**.

**I.   BACKGROUND**

The Court incorporates the background information and procedural history of this case from the Government's Response to Defendant's Motion for Reduction of Sentence. (*See* Govt.'s Resp. 1:15–2:2, ECF No. 169). Defendant now moves the Court for a third time to reduce his sentence from a felony to a misdemeanor. (*See* Mot. Reduc. Sen. 1:23–27, ECF No.

165). (*See generally* Mot. Reduc. Sen., ECF No. 158); (Mot. Reduc. Sen., ECF No. 162). The Government filed a Response, arguing the Court does not have jurisdiction to grant the relief Defendant requests. (Govt.'s Resp. 2:4–23).

## II.    LEGAL STANDARD

An avenue through which a defendant may reduce their sentence is found under 18 U.S.C. § 3582(c). "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). An exception to this provision allows the Court to reduce a defendant's sentence if after considering the factors under 18 U.S.C. § 3553(a), the Court finds there are extraordinary and compelling reasons for reduction. 18 U.S.C. § 3582(c)(1)(A). Another exception states the Court may modify a sentence if allowed by statute or by Fed. R. Crim. Pro. 35. 18 U.S.C. § 3582(c)(1)(B). Rule 35(a) allows the Court to correct a sentence within 14 days after sentencing if the sentence "resulted from arithmetical, technical, or other clear error." In addition, § 3582(c) grants the Court authority to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 560 U.S. at 825 (noting that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding" but instead provides for the "'modif[ication of] a term of imprisonment' by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission") (alteration in original). This authority to modify a previously-imposed prison sentence "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828.

///

///

### III. DISCUSSION

Defendant seeks a reduction in sentence; specifically, one that changes the character of his conviction from a felony to a misdemeanor. (*See* Mot. Reduc. Sen. 1:23–27). He raises four issues to support his Motion for Reduction of Sentence: (1) the allegedly flawed presidential pardon system; (2) the Internal Revenue Service's failure to audit him instead of the Government seeking an indictment; (3) a difference in opinion of his trial attorney's trial strategy; and (4) allegedly unprofessional remarks by the Honorable Lloyd D. George during a hearing. (*See id.* 3:1–7:5). He further lists four grounds regarding why he seeks reduction, namely, to restore his rights to: (1) hold public office; (2) possess a firearm; (3) vote; and (4) be impaneled for jury duty. (*See id.* 7:13–8:27).

The Government responds by treating Defendant's Motion as either seeking to reduce his sentence or vacate his conviction. (*See* Govt.'s Resp. 2:4–23). As to the former, the Government argues the Court lacks jurisdiction to reduce Defendant's sentence under 18 U.S.C. § 3582(c) and Rule 35(a) of the Fed. R. Crim. Pro. (*Id.* 2:4–7). As to the latter, it contends "there is no authority and no procedure under federal law" for a district court to change the character of Defendant's character of conviction from a felony to a misdemeanor. (*Id.* 2:12–23).

Here, Defendant does not offer, and the Court does not find, any authority to reduce his sentence from a felony to a misdemeanor. *Cf.* 18 U.S.C. § 3582(c) (being silent on whether district courts can reduce a sentence from a felony to a misdemeanor). Defendant does not show that he satisfies any exception to the general rule that the Court cannot modify a term of imprisonment once it has been imposed. *Dillon*, 560 U.S. at 819. Instead, he cites Article III of the United States Constitution to argue the Court can reduce his sentence in the way he wishes. (*See* Reply Govt.'s Resp. 3:3–11). However, this argument is misguided; district courts are generally bound by Congressional statutes and established caselaw to interpret law. Defendant

has previously conceded that there is no statutory authority granting this Court the power to reduce his sentence from a felony to a misdemeanor. (*See* Reply Govt.'s Resp. at 1, ECF No. 160).  As Defendant has not provided any authority from which the Court may grant the relief he requests, the Court will not reduce Defendant's sentence.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence by a Person not in Federal Custody from One Count Felony Filing False Tax Return to One Count Misdemeanor Filing a False Tax Return, (ECF No. 165), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Hearing Regarding the Motion for Reduction of Sentence, (ECF No. 166), is **DENIED**.[1]

**IT IS FURTHER ORDERED** that Defendant's the Motion for Waiver of Fees, (ECF No. 164), is **DENIED as moot**.[2]

**DATED** this __5__ day of July, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court finds it does not require oral arguments from the parties to resolve this matter.  As such, the Court denies Defendant's Motion for Hearing.

[2] Defendant is not required to pay fees to file his Motion for Reduction of Sentence.  Accordingly, the Court denies as moot Defendant's Motion for Waiver of Fees.